STATE OF WEST VIRGINIA

FILED
November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSIE EDWARDS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1237**  (BOR Appeal No. 2048457)
                    (Claim No. 2009082658)

**HEALTHSOUTH CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susie Edwards, by Gregory Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. HealthSouth Corporation, by Tanya Kaplan and Jeffrey Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a June 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 9, 2012, decision granting Ms. Edwards a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Edwards injured her left knee and left shoulder on March 10, 2009, when she tripped over a wheelchair while assisting a patient. Four independent medical evaluations were performed to determine the amount of Ms. Edwards's permanent impairment resulting from the March 10, 2009, injury. On July 24, 2012, A. E. Landis, M.D., performed an independent medical evaluation. He opined that Ms. Edwards sustained 3% whole person impairment as a result of the left shoulder injury and 1% whole person impairment as a result of the left knee injury. Dr. Landis concluded that Ms. Edwards's left knee symptoms are primarily related to pre-

1

existing changes which may have been aggravated to a mild extent by the March 10, 2009, injury. The claims administrator granted Ms. Edwards a 4% permanent partial disability award on August 9, 2012, based on Dr. Landis's evaluation.

Bruce Guberman, M.D., performed the second independent medical evaluation on October 8, 2012. He opined that Ms. Edwards sustained 7% whole person impairment as a result of range of motion abnormalities in the left shoulder and sustained 4% whole person impairment as a result of range of motion abnormalities in the left knee, for a total of 11% whole person impairment arising from the March 10, 2009, injury. On March 19, 2013, Bill Hennessey, M.D., performed the third independent medical evaluation. He opined that Ms. Edwards sustained 0% whole person impairment as a result of the left knee injury because there is full range of motion in the left knee. He further opined that Ms. Edwards sustained 1% whole person impairment as a result of the left shoulder injury due to the presence of mild range of motion limitations in the left shoulder. Prasadarao Mukkamala, M.D., performed the final independent medical evaluation on March 20, 2013. He opined that Ms. Edwards sustained 0% whole person impairment as a result of the left knee injury and sustained 1% whole person impairment as a result of range of motion abnormalities arising from the left shoulder injury.

In its Order affirming the August 9, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence establishes that Ms. Edwards sustained no more than 4% whole person impairment as a result of the March 10, 2009, compensable injury. Ms. Edwards disputes this finding and asserts, per the opinion of Dr. Guberman, that she is entitled to an additional 7% permanent partial disability award.

The Office of Judges placed significant weight on Dr. Landis's finding that Ms. Edwards sustained 4% whole person impairment as a result of the March 10, 2009, injury. The Office of Judges then found that the opinions of Dr. Landis, Dr. Hennessey, and Dr. Mukkamala are consistent with one another and are entitled to greater evidentiary weight than the findings of Dr. Guberman. In arriving at this determination, the Office of Judges noted that with respect to the left shoulder, Dr. Guberman found more than double the amount of permanent impairment found by Dr. Landis and six times the amount of permanent impairment found by Dr. Hennessey and Dr. Mukkamala. Dr. Guberman's findings regarding the left knee are similarly elevated in comparison to the other evaluators of record. Finally, the Office of Judges concluded that when Dr. Guberman's findings are compared to those of Dr. Landis, Dr. Hennessey, and Dr. Mukkamala, it appears that Dr. Guberman has overstated the amount of Ms. Edwards's true whole person impairment. The Board of Review reached the same reasoned conclusions in its decision of November 21, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II